UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMZG, Inc. | ) Case No. 15-15074-HRT |
| Tax ID / EIN: 20-8642477 | ) |
| | ) |
| Debtor. | ) |

### DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES

**AMZG, Inc.** ("AMZG"), as a debtor and debtor-in-possession, along with its affiliate **AMERICAN EAGLE ENERGY CORPORATION** ("American Eagle"), who is also a debtor and debtor-in-possession in Case No. 15-15073-HRT (collectively, the "Debtors"), pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1, file this motion seeking joint administration of the Debtors' cases (the "Motion"). In support of the Motion, the Debtors state as follows:

### Jurisdiction

1. On May 8, 2015 (the "Petition Date") the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); no trustee has been appointed.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code Sections 1101(1), 1107, and 1108 and under this Court's orders authorizing continued business operations as debtors-in-possession.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b).

## Background

4. American Eagle was incorporated in the state of Nevada in March 2003 under the name Golden Hope Resources Corp., but later changed its name in July 2005 to Eternal Energy Corp. In December 2011 it changed its name to American Eagle Energy Corporation in connection with its acquisition of, and merger with, American Eagle Energy, Inc.

5. Upon completion of the 2011 acquisition, American Eagle Energy, Inc. became AMZG, Inc. ("AMZG") and a wholly owned subsidiary of American Eagle. As of the Petition Date, AMZG has no assets and no operations. AMZG's only debt relates to guarantee claims on American Eagle obligations.

6. The Debtors engage in the acquisition, exploration and development of oil and gas properties, and are primarily focused on extracting proved oil reserves from those properties. During the past five years, the Debtors have engaged in exploration and production activities in the northern United States as well as southeast Saskatchewan, Canada. In July 2014, the Debtors sold all of their net revenue and working interests in Canada to focus on exploration and production opportunities in Bakken and Three Forks shale formations in the Williston Basin of North Dakota.

## Relief Requested and Basis Therefore

7. The Debtors request that this Court enter an order directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, including

the filing of any joint disclosure statements and plans of reorganization and other contested matters, pursuant to Fed. R. Bankr. P. 1015(b).

8. In accordance with Local Bankruptcy Rule 1015(d)(1), the Debtors specifically request that their Chapter 11 cases be jointly administered under the lower case number of American Eagle Energy Corporation, Case No. 15-15073 ("Lead Case")

9. Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

10. An affiliate is defined as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" or a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. 11 U.S.C. § 101(2). Under Section 101(2)(c) an affiliate is also any entity that operates the business or substantially all of the property of the debtor under a lease agreement or operating agreement.

11. The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code, since AMZG is a wholly owned subsidiary of American Eagle. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); *In re PL Liquidation*

*Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping.

12. The Debtors submit that joint administration of their Chapter 11 cases will dispense with the need for duplicative notices, motions, applications, hearings and orders. This will save considerable time and expense for the Debtors and their estates and free the Court from the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. In addition, joint administration will result in simplified supervision of the administrative aspects of the Debtors' Chapter 11 cases by the Office of the United States Trustee.

13. The Debtors submit that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

14. Additionally, the Debtors request that this Court approve the form of caption set forth on **Exhibit "A"** attached hereto. The Debtors submit that the use of this caption will eliminate confusion and ensure uniformity of pleadings. All papers or pleadings will be docketed in the Lead Case only. When so filed and docketed, the

pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein.

15. The Debtors also seek the Court's direction that a docket entry reflecting joint administration be entered in the docket of each of the Debtors' cases as follows:

> An order has been entered in this case for the joint administration of the chapter 11 bankruptcy cases of American Eagle Energy Corp., Case No. 15-15073-HRT, and its affiliate AMZG, Inc., Case No. 15-15074-HRT for procedural purposes only and providing for their joint administration in accordance with the terms thereof. The Docket in Case No. 15-15073 should be consulted for all matters affecting the jointly-administered cases.

### Notice

16. Notice of this Motion has been provided to the Office of the United States Trustee for the District of Colorado, the secured creditors and counsel if known, the twenty (20) largest unsecured creditors of each of the debtors and counsel if known, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

17. The interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of the Debtors' Chapter 11 cases. The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

**WHEREFORE**, Debtors respectfully request that this Court enter an order, pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1 in the form as attached hereto as **Exhibit "B,"** granting the relief requested herein and granting all

further relief that the Court may deem just and proper.

DATED: May 11, 2015.

/s/Jimmy D. Parrish
Elizabeth A. Green, Esq.
Florida Bar No.: 0600547
egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
Florida Bar No.: 0526401
jparrish@bakerlaw.com
Lars Fuller, Esq.
Attorney Reg. No. 26051
lfuller@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Ave.
SunTrust Center, Suite 2300
Post Office Box 112 (32802-0112)
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Fax: (407) 841-0168
Attorneys for Debtors

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 11, 2015, a true and correct copy of the **DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES** was furnished via electronic transmission to all CM/ECF participants requesting electronic notice and via U.S. Postage Prepaid Mail to the following American Eagle Energy Corporation, 2549 W. Main Street, Suite 202, Littleton, CO 80120 (Debtor); AMZG, Inc., 2549 W. Main Street, Suite 202, Littleton, CO 80120 (Debtor); Paul Silverstein, Esq., Andrews Kurth, 450 Lexington Avenue, New York, NY 10017 (Counsel for the Ad Hoc Noteholders); U.S. Bank National Association, Trustee, Collateral Agent, Control, Agent - 11th Floor, 5555 San Felipe Street, Houston, TX 77056; Bill Roberts, Esq., Roberts & Olivia, LLC, 2060 Broadway, Suite 250, Boulder, CO 80302; and the Office of the United States Trustee, Byron G. Rogers Federal Building, 1961 Stout St., Suite 12-200, Denver, Colorado 80294.

/s/ Jimmy D. Parrish
Jimmy D. Parrish, Esq.

## EXHIBIT "A"

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| American Eagle Energy Corporation | ) |
| Tax ID / EIN: 20-0237026 | ) Case No.  15-15073-HRT |
| | ) |
| AMZG, Inc. | ) |
| Tax ID / EIN: 20-8642477 | ) Case No. 15-15074-HRT |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## EXHIBIT "B"

### Proposed Order

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| American Eagle Energy Corporation | ) |
| Tax ID / EIN: 20-0237026 | ) Case No. 15-15073-HRT |
| | ) |
| AMZG, Inc. | ) |
| Tax ID / EIN: 20-8642477 | ) Case No. 15-15074-HRT |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

### ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

THIS MATTER comes before the Court on the Motion for Joint Administration filed in Case No. 15-15073-HRT (Doc. No. ____) and Case No. 15-15074-HRT (Doc. No. ____) on (May 11, 2015), by American Eagle Energy Corporation and AMZG, Inc. (collectively, the "Debtors"), seeking to jointly administer the above-captioned cases pursuant to Fed. R. Bankr. P. 1015(b). The Court, having reviewed the files,

ORDERS that the Motion for Joint Administration is hereby GRANTED and the above-captioned cases shall be jointly administered for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

IT IS FURTHER ORDERED that to effect joint administration, the following administrative procedures shall apply, but shall have no effect upon the substantive issues of the estate, either individually or collectively:

    1.    All motions, pleadings, and other documents filed in the jointly administered case shall bear the combined caption attached to this Order as Exhibit "A", and must be filed, docketed and processed in the lead case of American Eagle Energy Corporation, Case No. 15-15073-HRT ("Lead Case"), except for the following:

        a.    a motion which applies to only one Debtor must clearly indicate in the caption and title to which debtor(s) the motion applies, but must still be filed in the Lead Case;

    b.    all proofs of claim must be filed in the specific case to which they apply;

    c.    monthly financial reports must be filed in the specific case to which they apply; and

    d.    amendments to schedules, statements, lists and other required documents in Fed. R. Bankr. P. 1002 and 1007 must be filed in the specific case to which the amendments apply.

2.    Debtors shall maintain adequate records regarding the assets of the respective Debtors' estates in order to protect the rights of joint creditors and separate creditors of these estates.

3.    The Clerk of the Court shall provide notice of the joint administration of the above-captioned cases to all creditors and interested parties identified in each case.

Dated: _____

                                              BY THE COURT:

_____
HONORABLE HOWARD R. TALLMAN
United States Bankruptcy Judge